IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 15-70148-rbk |
| MIGUEL ANGEL RAMOS, DBA, | § | |
| TMR SERVICES, LLC, FDBA | § | |
| TMR SERVICES | § | |
| & TRACY EVERETT RAMOS, | § | |
| | § | |
| DEBTOR(S) | § | CHAPTER 7 PROCEEDING |
| | § | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY
TO FORECLOSE ON PERSONAL PROPERTY**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

TO THE HONORABLE JUDGE OF SAID COURT:

CROMEENS, HOLLOMON & SIBERT, INC. D/B/A CISCO EQUIPMENT SALES, LLC by Jeffrey F. Thomason, Attorneys for Creditor, respectfully represents:

1. That this is a motion to obtain relief from stay as provided in §362(d)(2) of Title 11, United States Code, Fed. R. Bank. P. 4001 and Local Rule 4001.

2. MIGUEL ANGEL RAMOS D/B/A TMR SERVICES, LLC FDBA, TMR SERVICES the Debtors, filed for relief under Chapter of the Bankruptcy Code in this Court under case number 15-70148-RBK.

3. Creditor has a valid perfected first lien on personal property described as 1. Winchester Model 94 John Wayne Commemorative 32-40 Ser#JW26943. 2. Colt Single Action Army 44-40 Ser#SA93036. 3. Colt's Combat Commander Ser# 70SC4133. 4. Colt's

MKIV/Series 70 government Model .38 Super Auto Caliber Ser# 70S41497. 5. Lawman Series Wild Bill Hickok Colt Single Action Army 45 Ser#206WB. 6. Colt Custom Super .38 Auto Ser#ELCEN5836. 7. Sportman 22 LR Model 999 Ser#AV082730. 8. Python 357 Mangum Ser#148963. 9. Colt Single Action Ser#35582A. 10. Colt 45 New Model Army Metallic Cartridge Revolving Pistol Ser#47487. 11. Sam Colt Signature 45ACP Ser# 81625G70 Made 1981 (1 of 250). 12. Colt Automatic 45 Rail Gun Ser#RG03767. 13. 35-55 Winchester Model 94. 14. Python 357 AL3910. 15. Colt 38 Ser#412942 Officers model. 16. 30 Mauser broom handle Ser#235602. 17. Single Action Colt Ser#287431. 18. 22 Single Action Colt Scout. 19. Steyr 1916 Ser#94471 KS. 20. Steyr 1917 Ser#8947 KS. 21. Browning 9 mm Ser#28637 A. 22. Marlin 41 Rifle Ser#56969. 23. Winchester model 94 Ser#NRA23587. 24. Winchester Model 94AE Ser#AE16044. 25. Winchester 94 AE XTR Ser#AE18072. 26. Winchester 32 Ser# 929339. 27. Winchester 38-55 Ser#538436. 28. Winchester 405 Ser#63151. 30. 30-6 B. Blindee with proff marks Ser#2899. 31. Winchester 375 Ser# BB044096. 32. 12 GA Nitro engrave. 33. 45-70 Ser#51-122468. 34. M44093252. 35. SKS Ser# N-537741. 36. Colt 5.53 Ser#L001632 (slidefire). 37. Colt 5.56 Ser#LE047978 ("the Property"), as is shown by the Security Agreement and UCC filing attached hereto as Exhibits "A" and "B" and incorporated herein as if fully set forth at length.

    4.    The Note secured by said Security Agreement is mature and unpaid and is attached hereto as Exhibit "C" and incorporated herein as if fully set forth at length.

    5.    The indebtedness owing is as follows:

        a.    The balance owed on the Note is $476,934.76; and

        b.    The balance is mature according to its terms therefore the payment that is arrears is $476,934.76.

6. The Property has a value of $30,650.00 as per the valuation of an independent gun broker, Gun Sport, LTD of Odessa, Texas.

7. The Property is not necessary to an effective reorganization. Debtors have no equity in the Property. In fact the property is not listed on the Schedules or Statement of Financial Affairs filed by the Debtors and therefore may be property of a third-party.

8. The Debtors have failed to provide Creditor with adequate protection of its interest in the Property.

WHEREFORE, CROMEENS, HOLLOMON & SIBERT, INC. D/B/A CISCO EQUIPMENT SALES, LLC moves this Court for an order relieving Creditor from the aforesaid stay so that Movant may give all appropriate notices, foreclose its Lien against the Property and apply the proceeds of the sale as required by its loan documents and applicable law and for such other and further relief as is just.

DATED: January 18, 2016.

Respectfully submitted,

/s/
JEFFREY F. THOMASON
State Bar No. 19890200
TODD, BARRON, THOMASON,
HUDMAN & BAXTER, P.C.
3800 E. 42nd Street, Suite 409
Odessa, Texas 79762-5982
(432) 363-2103
(432) 363-2153 fax
thomason@toddlawfirm.com

ATTORNEYS FOR MOVANT,
CROMEENS, HOLLOMON & SIBERT,
INC. D/B/A CISCO EQUIPMENT
SALES, LLC

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the Motion for Relief from Stay has been forwarded via electronic notice to those entitled to receive notice and to the following on January 18, 2016:

Miguel Angel Ramos &  
Tracy Everett Ramos  
P.O.Box 355  
Rankin, Texas 79778  
Debtors

Alvaro Martinez, Jr.  
1703 N. Big Spring  
Midland, Texas 79701  
Counsel for Debtors

U.S. Trustee  
P.O. Box 1539  
San Antonio, Texas 78295

_____/s/_____  
Jeffrey F. Thomason

00340049.DOC

# SECURITY AGREEMENT

| | | | |
|---|---|---|---|
| **DATE:** | March ___, 2014 | | |
| **SECURED PARTY:** | Cisco Equipment | **SECURED PARTY'S ADDRESS:** | 620 North Bell<br>San Angelo, Texas 76903 |
| **DEBTOR:** | Michael Ramos, dba TMR Services, and TMR Services, L.L.C. | **DEBTOR'S ADDRESS:** | P.O. Box 355<br>Rankin, Texas 79778 |

**COLLATERAL (INCLUDING ALL ATTACHMENTS AND ACCESSIONS):** The firearms and vehicles described in the list of firearms and vehicles attached as Schedule A, which schedule is incorporated herein by reference.

**SECURED OBLIGATION:** All present and future obligations of Debtor to Secured Party, including those arising under promissory note dated March 14, 2014, in the original principle amount of $293,257.40, executed by Michael Ramos and TMR Services, LLC, and payable to Cisco Equipment, as well as all other obligations of those Makers to Cisco Equipment under any and all agreements, including equipment rental contracts presently existing and those to arise in the future.

**SPECIAL PROVISIONS:** Debtor will not sell any of the Collateral without Secured Party's prior written consent and in any event, upon a sale of any Collateral will hold the proceeds of the sale in express trust for Secured Party, with a fiduciary's duty of care, accounting and ultimate delivery of the Proceeds to Secured Party.

*Bold terms in the preceding table are used as defined terms in this Security Agreement*

Subject to the terms of this agreement, Debtor grants to Secured Party a security interest in the Collateral and all its proceeds to secure payment and performance of the Secured Obligation and all other covenants contained in this security agreement and all renewals and extensions thereof and all fees, expenses and interest accruing.

**Debtor's Warranties**

1. *Ownership: Classification.* Debtor owns the Collateral and has the authority to grant this security interest. Ownership is free from any setoff, claim, restriction, lien, security interest, or encumbrance except this security interest and liens for taxes not yet due.

**Debtor's Covenants**

2. *Protection of Collateral.* Debtor will defend the Collateral against all claims and demands adverse to Secured Party's interest in it and will keep it free from all liens and security interests except those for taxes not yet due. The Collateral will remain in Debtor's possession or control at all times, except as otherwise provided in this agreement. Debtor will maintain the Collateral in good condition and protect it against misuse, abuse, waste, and deterioration except for ordinary wear and tear resulting from its intended use. Debtor will insure the Collateral against casualty loss and will include Secured Party as an insured under the policies of insurance, delivering a copy of such policies upon request. Debtor agrees that the insurance coverage will be under policies that cannot terminate without the insurer providing Secured Party at least thirty days notice prior to cancellation or termination. Debtor will not move or operate any of the Collateral outside Texas.

3. *Inspection.* Secured Party upon twenty-four hours notice will have the right to inspect the Collateral wherever same may be found. Insofar as the firearms are concerned, it may at any time take possession of same without an event of default having occurred, and Debtor will deliver same to Secured Party upon request.

4. *Secured Party's Costs.* Debtor will pay all expenses incurred by Secured Party in defending and enforcing this security interest or the Collateral. Expenses for which Debtor is liable include, but are not limited to, taxes, assessments, reasonable attorney's fees, and other legal expenses. These expenses and interest will be part of the Secured Obligation and will be recoverable as such in all respects.

5. *Additional Documents.* Debtor will sign any papers that Secured Party considers necessary to obtain, maintain, and perfect this security interest or to comply with any relevant law.

**Rights and Remedies of Secured Party**

6. *Generally.* Secured Party may exercise the following rights and remedies either before or after default:
   a. take control of any proceeds of the Collateral;
   b. release any collateral in Secured Party's possession to any debtor, temporarily or otherwise;
   c. take control of any funds generated by the Collateral, such as refunds from and proceeds of insurance, and reduce any part of the Secured Obligation accordingly or permit Debtor to use such funds to repair or replace damaged or destroyed collateral covered by insurance; AND
   d. take control of all proceeds of and payments on any collateral and apply them against the obligation.


EXHIBIT "A"

**Events of Default**

7. Each of the following conditions is an event of default:

    a. if Debtor defaults in timely payment or performance of any obligation, covenant, or liability in any written agreement between Debtor and Secured Party or in any other transaction secured by this agreement;

    b. if any warranty, covenant, or representation made to Secured Party by or on behalf of Debtor proves to have been false in any material respect when made;

    c. if a receiver is appointed for Debtor or any of the Collateral;

    d. if the Collateral is assigned for the benefit of creditors or, to the extent permitted by law, if bankruptcy or insolvency proceedings commence against or by any of these parties: Debtor; any partnership of which Debtor is a general partner; and any maker, drawer, acceptor, endorser, guarantor, surety, accommodation party, or other person liable on or for any part of the Secured Obligation;

    e. if any financing statement regarding the Collateral but not related to this security interest and not favoring Secured Party is filed;

    f. if any lien attaches to any of the Collateral;

    g. if any of the Collateral is lost, stolen, damaged, or destroyed, unless it is promptly replaced with collateral of like quality or restored to its former condition.

**Additional Remedies of Secured Party on Default**

8. During the existence of any event of default, Secured Party may declare the unpaid principal and earned interest of the Secured Obligation immediately due in whole or part, enforce the Secured Obligation, and exercise any rights and remedies granted by chapter 9 of the Texas Business and Commerce Code or by this agreement, including the following:

    a. require Debtor to deliver to Secured Party all books and records relating to the Collateral;

    b. require Debtor to assemble the Collateral and make it available to Secured Party at a place reasonably convenient to both parties;

    c. take possession of any of the Collateral and for this purpose enter any premises where it is located if this can be done without breach of the peace;

    d. sell, lease, or otherwise dispose of any of the Collateral in accord with the rights, remedies, and duties of a secured party under the Texas Business and Commerce Code after giving notice as required by those chapters; unless the Collateral threatens to decline speedily in value, is perishable, or would typically be sold on a recognized market, Secured Party will give Debtor reasonable notice of any public sale of the Collateral or of a time after which it may be otherwise disposed of without further notice to Debtor; in this event, notice will be deemed reasonable if it is mailed, postage prepaid, to Debtor at the address specified in this agreement at least ten days before any public sale or ten days before the time when the Collateral may be otherwise disposed of without further notice to Debtor;

    e. apply any proceeds from disposition of the Collateral after default in the manner specified in the Texas Business and Commerce Code, including payment of Secured Party's reasonable attorney's fees and court expenses; and

    f. if disposition of the Collateral leaves the Secured Obligation unsatisfied, collect the deficiency from Debtor.

**General Provisions**

9. *Parties Bound.* Secured Party's rights under this agreement shall inure to the benefit of its successors and assigns. Assignment of any part of the Secured Obligation and delivery by Secured Party of any part of the Collateral will fully discharge Secured Party from responsibility for that part of the Collateral. If Debtor is more than one, all their representations, warranties, and agreements are joint and several. Debtor's obligations under this agreement shall bind Debtor's personal representatives, successors, and assigns.

10. *Waiver.* Neither delay in exercise nor partial exercise of any of Secured Party's remedies or rights shall waive further exercise of those remedies or rights. Secured Party's failure to exercise remedies or rights does not waive subsequent exercise of those remedies or rights. Secured Party's waiver of any default does not waive further default. Secured Party's waiver of any right in this agreement or of any default is binding only if it is in writing. Secured Party may remedy any default without waiving it.

11. *Reimbursement.* If Debtor fails to perform any of Debtor's obligations hereunder or under the Secured Obligations, Secured Party may perform those obligations and be reimbursed by Debtor on demand at the place where the Secured Obligation is payable for any sums so paid, including attorney's fees and other legal expenses, plus interest on those sums from the dates of payment at the rate stated in the Secured Obligation for matured, unpaid amounts. The sum to be reimbursed shall be secured by this security agreement.

12. *Modifications.* No provisions of this agreement shall be modified or limited except by written agreement signed by both parties.

13. *Severability.* The unenforceability of any provision of this agreement will not affect the enforceability or validity of any other provision.

14. *After-Acquired Consumer Goods.* This security interest shall attach to after-acquired consumer goods only to the extent permitted by law.

15. *Applicable Law and Place of Performance.* This agreement is governed by Texas law and performable in Tom Green County, Texas.

16. *Financing Statement.* A reproduction of this agreement or any financing statement covering the Collateral is sufficient as a financing statement. Debtor authorizes Secured Party to file financing statements to perfect its security interest in the Collateral.

17. *Cumulative Remedies.* Foreclosure of this security interest by suit does not limit Secured Party's remedies, including the right to sell the Collateral under the terms of this agreement. All remedies of Secured Party may be exercised at the same or different times, and no remedy shall be a defense to any other. Secured Party's rights and remedies include all those granted by law or otherwise, in addition to those specified in this agreement.

**DEBTOR:**

_____
Michael Ramos

TMR SERVICES, LLC, a Texas limited liability Company

By _____
Michael Ramos, Managing Member

**SECURED PARTY:**

_____
Cisco Equipment

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
**Cisco Equipment, 325-653-2121**

B. E-MAIL CONTACT AT FILER (optional)
**lsmart@ciscoeq.com**

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Cisco Equipment
620 N. Bell Street
San Angelo, Texas 76903

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **TMR Services** | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| **P.O. Box 355** | **Rankin** | **Tx** | **79778** | **US** |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **TMR Services, L.L.C.** | | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| **P.O. Box 355** | **Rankin** | **Tx** | **79778** | **US** |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| **Ramos** | **Michael** | **A** | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| **P.O. Box 355** | **Rankin** | **Tx** | **79778** | **US** |

4. COLLATERAL: This financing statement covers the following collateral:

1996 International Truck s/n 1HSHCADR2TH254749, 1990 Kenworth Truck s/n 1XKADB9X4LS544020, 1993 Peterbilt Truck s/n 1XPCDR9X2PD329404, 1992 KW DP s/n 1XKADB9X7NS573174, 2012 Dodge Pickup s/n 3C7WDLFL8CG191364 2012 Dodge Pickup s/n 3C7WDLFLXCG161413, 2013 Lowen 20 yd. belly dump trailer s/n 3A9SV4023DM216032, 2013 Lowen 20 yd. belly dump trailer s/n 3A9SV402XDM216013, 2013 Lowen 20 yd. belly dump trailer s/n 3A9SV4027DM216020, 1979 Loadcraft low boy trailer s/n 8176, 1. Winchester Model 94 John Wayne Commemorative 32-40 Ser# JW26943
2. Colt Single Action Army 44-40 Ser# SA93036
3. Colt's Combat Commander Ser# 70SC4133
4. Colt's MKIV/Series 70 government Model .38 Super Auto Caliber Ser# 70S41497
5. Lawman Series Wild Bill Hickok Colt Single Action Army 45 Ser# 206WB
6. Colt Custom Super .38 Auto Ser# ELCEN5836
7. Sportman 22 LR Model 999 Ser# AV082730
8. Python 357 Magnum Ser# 148963

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility
6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)  International Association of Commercial Administrators (IACA)

# UCC FINANCING STATEMENT ADDENDUM
FOLLOW INSTRUCTIONS

**9. NAME OF FIRST DEBTOR:** Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

**9a. ORGANIZATION'S NAME**
TMR Services

OR

**9b. INDIVIDUAL'S SURNAME**

**FIRST PERSONAL NAME**

**ADDITIONAL NAME(S)/INITIAL(S)** | **SUFFIX**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**10. DEBTOR'S NAME:** Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

**10a. ORGANIZATION'S NAME**

OR

**10b. INDIVIDUAL'S SURNAME**

**INDIVIDUAL'S FIRST PERSONAL NAME**

**INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)** | **SUFFIX**

**10c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY**

**11.** ☐ ADDITIONAL SECURED PARTY'S NAME or ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

**11a. ORGANIZATION'S NAME**

OR

**11b. INDIVIDUAL'S SURNAME** | **FIRST PERSONAL NAME** | **ADDITIONAL NAME(S)/INITIAL(S)** | **SUFFIX**

**11c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY**

**12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):**
See Schedule A

**13.** ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

**14.** This FINANCING STATEMENT:
☐ covers timber to be cut ☐ covers as-extracted collateral ☐ is filed as a fixture filing

**15.** Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

**16.** Description of real estate:

**17. MISCELLANEOUS:**

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad) (Rev. 04/20/11)  International Association of Commercial Administrators (IACA)

Schedule A

Addendum To UCC Financing Statement

Additional Collateral

9. Colt Single Action 45 Ser# 35582A
10. Colt 45 New Model Army Metallic Cartridge Revolving Pistol Ser# 47487
11. Sam Colt Signature 45 ACP Ser# 81625G70 Made 1981 ( 1 of 250 )
12. Colt Automatic 45 Rail Gun Ser# RG03767
13. 38-55 Winchester Model 94
14. Python 357 AL3910
15. Colt 38 Ser#412942 Officers model
16. 30 Mauser broom handle Ser#235602
17. Single Action Colt Ser#287431
18. 22 Single Action Scout
19. Steyr 1916 Ser# 94471 KS
20. Steyr 1917 Ser# 8947 KS
21. Browning 9mm Ser# 28637 A
22. Marlin 41 Rifle Ser# 56969
23. Winchester model 94 Ser# NRA23587
24. Winchester Model 94 AE Ser# AE16044
25. Winchester 94 AE XTR Ser# AE18072
26. Winchester 32 Ser# 929339
27. Winchester 38-55 Ser# 538436
28. Winchester 405 Ser# 63151
30. 30-06 B. Blindee with proff marks Ser# 2899
31. Winchester 375 Ser# BB044096
32. 12 GA Nitro engrave
33. 45-70 Ser#51-122468
34. M44093252
35. SKS Ser# N-537741
36. Colt 5.56 Ser# L001632 ( slidefire )
37. Colt 5.56 Ser# LE047978

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Shannon Porter & Johnson (325) 653-4274

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO: (Name and Address)
Shannon Porter & Johnson
P.O. Box 1272
San Angelo, TX 76902-1272
USA

FILING NUMBER: 14-0009443409
FILING DATE: 03/26/2014    03:37 PM
DOCUMENT NUMBER: 536040470002
FILED: Texas Secretary of State
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME - Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME: **TMR Services, LLC**

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| P.O. Box 355 | Rankin | TX | 79778 | USA |

2. DEBTOR'S NAME - Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

2a. ORGANIZATION'S NAME: **TMR Services**

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| P.O. Box 355 | Rankin | TX | 79778 | USA |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY) - Provide only one Secured Party name (3a or 3b)

3a. ORGANIZATION'S NAME: **Cisco Equipment**

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 620 North Bell Street | San Angelo | TX | 76903 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
1996 International Truck 4749; 1990 Kenworth Truck 4020; 1993 Peterbilt Truck 9404; 1992 KW DP 3174; 2012 Dodge Pickup 1364; 2012 Dodge Pickup 1413; 2013 Lowen 20 yard dump trailer 3A9SV4023DM216032; 2013 Lowen 20 yard dump trailer 3A9SV402XDM216013; 2013 Lowen 20 yard dump trailer 3A9SV4027DM216020; 1979 Loadcraft low boy trailer sn 8176; All firearms of individual debtor, including those listed in the schedule attached to the security agreement in Secured Party's favor.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions) ☐ being administered by a Decedent's Personal Representative
6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility
6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing
7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor
8. OPTIONAL FILER REFERENCE DATA:



EXHIBIT "B"

page 2

**UCC FINANCING STATEMENT ADDENDUM**
FOLLOW INSTRUCTIONS

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

9a. ORGANIZATION'S NAME
**TMR Services, LLC**

OR

9b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S) — SUFFIX

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

10a. ORGANIZATION'S NAME

OR

10b. INDIVIDUAL'S SURNAME
**Ramos**

INDIVIDUAL'S FIRST PERSONAL NAME
**Michael**

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) — SUFFIX
**A.**

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| P.O. Box 355 | Rankin | TX | 79778 | USA |

11. ☐ ADDITIONAL SECURED PARTY'S NAME or ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

11a. ORGANIZATION'S NAME

OR

11b. INDIVIDUAL'S SURNAME — FIRST PERSONAL NAME — ADDITIONAL NAME(S)/INITIAL(S) — SUFFIX

11c. MAILING ADDRESS — CITY — STATE — POSTAL CODE — COUNTRY

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral)

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT
☐ covers timber to be cut  ☐ covers as-extracted collateral  ☐ is filed as a fixture filing

15. Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

16. Description of real estate:

17. MISCELLANEOUS:

FILING OFFICE COPY

## Renewal and Extension Promissory Note

**Date:** December 18, 2014

**Borrowers:** TMR Services, LLC and Michael Ramos, Individually

**Borrowers' Mailing Addresses:**
P.O. Box 355
Rankin, Texas 79778

**Lender:** CISCO EQUIPMENT SALES, LLC

**Place for Payment:**

620 North Bell
San Angelo, Texas 76903
Tom Green County, Texas or any other place that Lender may designate in writing

**Principal Amount:** $388,339.19

**Annual Interest Rate:** Eighteen Percent (18%)

**Maturity Date:** March 18, 2015

**Annual Interest Rate on Matured, Unpaid Amounts:** Eighteen Percent (18%)

**Terms of Payment (principal and interest):** All principal and accrued interest shall be due on March 18, 2015. Payments will be applied first to accrued interest and the remainder to reduction of the Principal Amount. Borrowers promise to pay to the order of Lender the Principal Amount plus interest at the Annual Interest Rate. This note is payable at the Place for Payment and according to the Terms of Payment. All unpaid amounts are due by the Maturity Date. After maturity, Borrowers promises to pay any unpaid principal balance plus interest at the Annual Interest Rate on Matured, Unpaid Amounts.

**Prepayment:** Borrowers may prepay this note in any amount at any time before the Maturity Date without penalty or premium.

**Application of Prepayment:** Prepayments will be applied to installments on the last maturing principal, and interest on that prepaid principal will immediately cease to accrue.

Interest on the debt evidenced by this note will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the Principal Amount or, if the Principal Amount has been paid, refunded. On any acceleration or required or permitted prepayment, any excess interest will be canceled automatically as of the acceleration or prepayment

Promissory Note
Page 1


EXHIBIT C

or, if the excess interest has already been paid, credited on the Principal Amount or, if the Principal Amount has been paid, refunded. This provision overrides any conflicting provisions in this note and all other instruments concerning the debt.

Each Borrower is responsible for all obligations represented by this note.

When the context requires, singular nouns and pronouns include the plural.
A default exists under this note if (1) (a) Borrowers or (b) any other person liable on any part of this note or who grants a lien or security interest on property as security for any part of this note (an "Other Obligated Party") fails to timely pay or perform any obligation or covenant in any written agreement between Lender and Borrowers or any Other Obligated Party; (2) any warranty, covenant, or representation in this note or in any other written agreement between Lender and Borrowers or any Other Obligated Party is materially false when made; (3) a receiver is appointed for Borrowers, any Other Obligated Party, or any property on which a lien or security interest is created as security (the "Collateral Security") for any part of this note; (4) any Collateral Security is assigned for the benefit of creditors; (5) a bankruptcy or insolvency proceeding is commenced by Borrowers, a partnership of which Borrowers are a general partner, or an Other Obligated Party; (6) (a) a bankruptcy or insolvency proceeding is commenced against Borrowers, a partnership of which Borrowers are a general partner, or an Other Obligated Party and (b) the proceeding continues without dismissal for sixty days, the party against whom the proceeding is commenced admits the material allegations of the petition against it, or an order for relief is entered; (7) any of the following parties is dissolved, begins to wind up its affairs, is authorized to dissolve or wind up its affairs by its governing body or persons, or any event occurs or condition exists that permits the dissolution or winding up of the affairs of any of the following parties: Borrowers, a partnership of which Borrowers are a general partner, or an Other Obligated Party; and (8) any Collateral Security is impaired by loss, theft, damage, levy and execution, issuance of an official writ or order of seizure, or destruction, unless it is promptly replaced with collateral security of like kind and quality or restored to its former condition.

**Release:** In consideration of Payee's acceptance of the terms of this Note for payment of Maker's debt to Payee, which consideration is agreed by the Maker to be good and sufficient, Maker RELEASES Payee, its officers, agents, employees, affiliates, attorneys, successors and assigns from any and all claims, defenses, demands, liens, damages, actions or suits ("Claims"), of any nature or character, and whether such Claims arise in contract, express or implied, or tort, including Claims arising by statute, ordinance rule, regulation or otherwise, including, without limitation, Claims or punitive damages and Claims warranty, whether such Claims are known, unknown or knowable, asserted or unasserted, which have accrued or may accrue to the Maker or any creditor or affiliate of the maker on account of any injuries, damages or losses or otherwise arising out of or in any way connected to any materials or equipment supplied or leased by Payee to Maker, and any extension of credit by the Payee to Maker on or prior to the date hereof.

If any provision of this note conflicts with any provision of a loan agreement, deed of trust, or security agreement of the same transaction between Lender and Borrowers, the provisions of the deed of trust will govern to the extent of the conflict.

Promissory Note
Page 2

This note will be construed under the laws of the State of Texas, without regard to choice-of-law rules of any jurisdiction. This note is given in renewal and extension of that certain Promissory Note dated March 12, 2014 in the original principal amount of $293,257.40. This note is secured by that certain Security Agreement dated March 12, 2014 and a Deed of Trust of even date.

TMR Services, LLC

By: _____
Michael Ramos, Managing Member

_____
Michael Ramos, Individually

00295968.DOC

Promissory Note
Page 3